IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUILLERMO NAVARRO and MARIA NAVARRO, <br><br>    Plaintiffs, <br><br>  v. <br><br>MASA AKTIENGESELLSCHAFT, a foreign corporation, and VIKTOR RIDDER GMBH, a foreign corporation, <br><br>    Defendants. <br>----------------------------------<br>MASA AKTIENGESELLSCHAFT, a foreign corporation, and VIKTOR RIDDER GMBH, a foreign corporation <br><br>  Third Party Plaintiffs, <br><br>  v. <br><br>UNILOCK CHICAGO, INC., <br><br>  Third Party Defendant. <br>----------------------------------<br>VIKTOR RIDDER GMBH, a foreign corporation, <br><br>    Cross Claimant, <br><br>  v. <br><br>MASA AKTIENGESELLSCHAFT, a foreign corporation, <br><br>    Cross Defendant. | No. 06 C 4352 |

## **OPINION AND ORDER**

Plaintiffs Guillermo and Maria Navarro, husband and wife, brought suit against two German corporations, Masa Aktiengesellschaft and Viktor Ridder GMBH, alleging product liability claims based on Guillermo being injured while working with machines designed and manufactured by defendants. Maria's claims are for loss of consortium. The case was originally filed in the Circuit Court of Cook County, Illinois and removed to federal court based on diversity. Plaintiffs are Illinois citizens for diversity purposes. Plaintiffs have moved to amend their complaint to add Illinois Tool Works, Inc. ("ITW") as a defendant. As of the time defendant Ridder manufactured the machine that is the basis of the claim against it as well as at the time of Guillermo's accident, Ridder was a fully owned subsidiary of ITW. If ITW, an Illinois corporation, is added as a defendant, diversity is destroyed.

Plaintiffs' motion to amend is not accompanied by a proposed amended complaint so the exact contours of the claim to be made against ITW are not clear.[1] It is clear that plaintiffs

---

[1] Plaintiffs' motion to amend could be denied for failure to provide a proposed amended complaint. See APC Filtration, Inc. v. Becker, 2009 WL 187912 *3 n.4 (N.D. Ill. Jan. 26, 2009); Fotiadis v. Matanky, 2003 WL 21804239 *1 (N.D. Ill. Aug. 4, 2003). A denial on that basis, however, might just delay matters in that plaintiffs might return with a properly supported motion for leave to amend. Since plaintiffs have not asserted an appropriate ground for an amendment, the merits of the motion for leave to amend will be addressed.

intend to add ITW as a party, not substitute it for Ridder. Plaintiffs' reply to defendants' opposition indicates that plaintiffs do not intend to allege that the corporate veil between Ridder and ITW can be pierced. Instead, plaintiffs contend that ITW may be held directly liable because it is a parent that controls its subsidiary.

Defendants oppose the motion on three grounds. There is no dispute that the proposed amendment comes after the expiration of the statute of limitations period so that any claim against ITW cannot proceed unless the amendment relates back to the original filing of plaintiffs' Complaint. Defendants contend the amendment would not relate back. Defendants also contend an amendment would be futile because plaintiffs do not assert any sufficient basis for holding ITW liable. Defendants also contend that the amendment is an attempt at fraudulent joinder asserted for the purpose of destroying diversity.

It appears that relation back would apply since any claim against ITW would arise from the same transaction or occurrence and ITW apparently would not be prejudiced and had adequate notice of the claim since the claims against ITW would be insured under the same policy that insures Ridder. See Fed. R. Civ. P. 15(c)(1); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc.: Civil 2d § 1498 at 126, § 1499 at 147-51 (1990); Lagana v. Toyofuki Kaiun, K.K., 124 F.R.D. 555, 558

(S.D.N.Y. 1989); Denver v. Forbes, 26 F.R.D. 614 (E.D. Pa. 1960); Pargman v. Vickers, 96 P.3d 571, 577-79 (Ariz. 2004); Wiesner v. Fontaine Truck Equip. Co., 2007 WL 4522612 *2 (N.D. Ill. Dec. 18, 2007); Armistead v. Toyotomi U.S.A., 1994 WL 1890825 *4 (N.D. Miss. Aug. 25, 1994). That issue, however, need not be resolved since leave to amend will be denied based on futility.

Under Illinois law, a parent-subsidiary relationship generally is an insufficient basis for holding a parent liable for the subsidiary's conduct. See United States Gypsum Co. v. LaFarge N. Am., Inc., 508 F. Supp. 2d 601, 643-44 (N.D. Ill. 2007); FAIP N. Am., Inc. v. Sistema s.r.l., 2005 WL 3436398 *4-5 (N.D. Ill. Dec. 14, 2005). However, even absent a sufficient basis to pierce the corporate veil, the parent may be found liable if the parent directly participated in the misconduct, the subsidiary acted as the parent's agent, or the parent exercised a high degree of control over the subsidiary. See Gypsum, supra; FAIP, supra.

Plaintiffs' principal basis for contending that it is appropriate to add ITW as a defendant is the recent deposition testimony of two Ridder employees from Germany, a manager and a technical draftsman. Their testimony supports that ITW bought Ridder in 1999 and in 2007 there was a merger so that Ridder no longer exists and is now part of the ITW "company." Defendants do not dispute that ITW became Ridder's parent in 1999, before

the subject machine was purchased.² However, they contend that all corporate formalities were maintained amongst Ridder, ITW, and the intermediary entities between Ridder and ITW. Defendants provide affidavits of an ITW paralegal supporting that contention. The paralegal's affidavits also support that the company into which Ridder was merged in 2007 was not ITW, but another German corporation that is a subsidiary of ITW: ITW Packaging Systems Group GmbH ("ITW Packaging"). The general manager in Germany, and certainly the draftsman, cannot be assumed to be fully aware of the corporate relations that exist and existed between Ridder and its parent entities. Their references to Ridder currently being ITW or the ITW "company" should be understood to be references to ITW Packaging, a German entity. The statements of the paralegal must be accepted as true on the pending motion at this point in the proceedings.

Since corporate formalities still exist between ITW Packaging and Ridder, there is no basis for piercing the corporate veil. Contrary to plaintiffs' contention, Ridder did not merge into ITW, but into ITW Packaging. Also, plaintiffs' contention that ITW presently fully controls the entity formerly known as Ridder is based on confusing ITW with ITW Packaging.

---

²Defendants do contend that the allegedly negligent design of the machine occurred prior to ITW's purchase of Ridder. The implication of that contention need not be considered.

Plaintiffs' motion does not adequately support that there is a sufficient basis for reasonably believing ITW may be liable for plaintiffs' injuries. The motion to amend will be denied as futile.

If further discovery reveals that defendants' representations as to the relationships between ITW, ITW Packaging, and Ridder were not accurate and plaintiffs have a good faith basis for adding ITW as a defendant, plaintiffs may bring an appropriate motion at that time. In the meantime, since Ridder no longer exists, ITW Packaging will be substituted as the appropriate defendant. See Fed. R. Civ. P. 17(b), 25(c).

IT IS THEREFORE ORDERED that plaintiffs' motion to amend [73] is denied. ITW Packaging Systems Group GmbH, a German corporation, is substituted in as a defendant for Viktor Ridder GmbH, represented by the same counsel. The Clerk of the Court is directed to modify the docket accordingly.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 20, 2009